# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICK SINGLETON | § | |
|     Plaintiff, | § | |
| | § | |
| | § | |
| | § | CA Number: 5:18-cv-474 |
| | § | |
| v. | § | |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | Jury Demanded |
|     Defendant | § | |

## PLAINTIFF RICK SINGLETON'S ORIGINAL COMPLAINT AND JURY DEMAND

1. Rick Singleton ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("**TCPA**"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). Plaintiff also sues under the Tex. Bus. & Com. Code, Chapter 305.

2. Plaintiff was notified by the MDL class action administrator in *Snyder, et al., v. Ocwen Loan Servicing, LLC*, No. 1:14-cv-08461 (N.D. Ill.) (the "**Ocwen TCPA Class Action**") that he was identified as an individual who Defendant's records indicate was called on his cell phone by Defendant. The parties in the Ocwen TCPA Class Action entered into a court-approved settlement agreement. Plaintiff opted-out of that settlement agreement.

3. Plaintiff now brings his individual action to recover on an individual basis.

4. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Id.* at 744.  In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them.  Thus, and as applicable here, Section 227(b)(1)(A)(iii) of the TCPA specifically prohibits the making of "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]"

5. The TCPA prohibits calls to a cell phone made with an auto dialer or with a prerecorded voice unless prior express consent is given.  Plaintiff never so consented.

6. Ocwen Loan Servicing, LLC ("**Defendant**") called Plaintiff's cell phones using an auto dialer and/or a pre-recorded voice.  Because Plaintiff had not given his consent to receive calls from Defendant, those calls violated the TCPA.

7. This is the exact scenario Congress attempted to prevent in enacting the TCPA. Plaintiffs now seek this Court's intervention and help in attempting to prohibit this unlawful conduct.

## Parties

8. Plaintiff is a resident of San Antonio, Texas and lives in this District. He received calls in this District.

9. Defendant is a debt collector who services mortgage loans. Defendant regularly conducts business in Texas.

## Jurisdiction & Venue

10. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

11. Venue is proper before this Court under 28 U.S.C. § 1391(b)(1) and (2). Venue is proper in this District because some of the acts subject to this action were taken by Defendant in this District. Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

## Article III Standing

12. Plaintiff has Article III standing for his claim under the TCPA. *Spokeo, Inc., v. Thomas Robins,* 136 S. Ct. 1540 (2016).

13. Defendant's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

14. Plaintiff was harmed by Defendant's actions of calling his cell phone in the following manners:

   a. Plaintiff's privacy was invaded by Defendant;

   b. Plaintiff was harassed and abused by Defendant's telephone calls;

   c. Defendant's calls were a nuisance to Plaintiff;

   d. Plaintiff's phone was unavailable for other use while processing the illegal calls from Defendant;

   e. Defendant illegally seized Plaintiff's telephone line while it made illegal calls to Plaintiff's telephone;

   f. Plaintiff's telephone line was occupied by multiple unauthorized calls from Defendant;

   g. Defendant's seizure of Plaintiff's telephone line was intrusive; and

   h. Plaintiff was inconvenienced by Defendant's calls, by among other things, hearing his phone ring and having to check the calling party

15. Because all standing requirements of Article III of the U.S. Constitution have been met, Plaintiff has standing to sue Defendant on the stated claims.

## The Telephone Consumer Protection Act

16. Advances in telecommunications technology have provided benefits to American society. But those benefits are not cost-free; new technologies bring with them new ways to intrude upon individual privacy and waste the time and money of consumers. The 1980s and 90s brought an explosion of abuses of telephone and facsimile technology, including the use of auto-dialers to clog telephone lines with unwanted calls, "robocalls" with unsolicited or unwanted, prerecorded messages, and "junk faxes" that consume the recipients' paper and ink and interfere with the transmission of legitimate messages.

17. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

18. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* § 2(10) and (12); S*ee also Mims*, 132 S. Ct. at 745.

19. The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

20. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming

calls whether they pay in advance or after the minutes are used. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

21. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

22. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *See FCC Declaratory Ruling,* 23 F.C.C.R. at 564-65.

23. In the same Declaratory Ruling, the FCC emphasized that both the creditors and third-party debt collector may be held liable under the TCPA for debt collection calls. ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call... A third party collector may also be liable for a violation of the Commission's rules.")

**Factual Allegations**

24. Defendant's business is the collection of accounts receivables from consumers. Defendant uses a predictive dialer to make telephone calls to cellular telephone numbers, often without the prior express consent of the persons using those cellular telephone numbers. This practice violates the TCPA.

25. Defendant called Plaintiff on a repeated basis after October 27, 2010. Calls were made to Plaintiff's cell numbers 210-377-3474; 210-377-3481; 210-377-3486; 210-377-3584; 210-416-1296; 210-286-1128; 210-490-6576; and 210-377-0951. The purpose for these calls was debt collection.

26. Defendant's records should show when Plaintiff was called by Defendant.

27. Defendant placed automated calls to Plaintiff's cell phones using an automatic telephone dialing system ("**ATDS**") "which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1)."

28. Defendant placed calls using predictive dialers ("**Predictive Dialers**"). The Predictive Dialers constitute an automatic telephone dialing system; they are capable of storing, producing, and dialing any telephone number, and are capable of storing, producing, and dialing telephone numbers using a random or sequential number generator. Further, no human manually entered Plaintiff's cellular telephone numbers at issue when Defendant made the calls. Rather, the Predictive Dialer electronically dialed Plaintiff's cellular telephones in an automated fashion. The Predictive Dialers otherwise

constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

29. When the calls connected, there was silence followed by an audible click from the receiver. After a significant pause, a live agent would come on the line.  As such, the calls at issue were made using an automatic telephone dialing system, equipment having the capacity to dial Plaintiff's numbers without human intervention.

30. The facts in the preceding paragraph indicate the calls were placed through an "automatic telephone dialing system" as defined in 47 U.S.C. § 227(a)(1).

31. On some of the calls to Plaintiff Defendant left a message consisting of a prerecorded voice.  Plaintiff listened to the message and recognized that it was not a live person leaving the message but an automated voice recording.

32. The facts in the preceding paragraph indicate some calls were placed using an "artificial or prerecorded voice."

33. None of the calls at issue were placed by Defendant to Plaintiff's cellular telephones were for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

34. Plaintiff is the subscriber on the account for his cellular telephones and is charged for calls made to his cellular telephones via a monthly charge.

35. Plaintiff has not provided Defendant with his cellular telephone numbers or permission to call his cellular telephone.

36. The calls at issue in this lawsuit occurred within the applicable statute of limitations as tolled by the doctrine set forth in *American Pipe & Construction. Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). The calls were made on or after October 27, 2010. Plaintiffs seek recovery for each of these calls.

37. As a result of aforementioned tenacious collection efforts, Plaintiff was affected, both personally and individually, as he experienced an invasion of privacy, stress, anxiety, nervousness, hypertension, instability, worry, embarrassment, intimidation, and indignation.

## Legal Claims

**Count 1: Violation of the TCPA: Plaintiff brings a cause of action in his individual behalf for violations of the TCPA's provisions prohibiting auto-dialed and prerecorded message calls to cell phones**

38. Plaintiff incorporates the allegations from all of the previous paragraphs as if fully set forth herein.

39. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation 47 U.S.C. §227(b)(1)(A)(iii).

40. Plaintiff is informed, believes and alleges that Defendant's violations of the TCPA described above were done willfully and knowingly.

41. The willful and knowing nature of Defendant's conduct is exhibited in part by the following facts:

    a. Defendant is a large entity with access to legal advice through its own regulatory department and outside employment counsel, and there is no contemporaneous evidence that it determined that its conduct was lawful;

    b. Defendant knew or had reason to know that its conduct was inconsistent with published FCC guidance interpreting the TCPA and the plain language of the statute;

    c. Defendant knew that the Plaintiff had not consented to calls to his cell phone as in many cases Defendant only received Plaintiff's cell phone from skip-tracing;

    d. Defendant knew that permission was required before Defendant could call any of the respective Plaintiff's cell phone using an auto-dialer or a prerecorded voice; and

    e. Defendant was aware of the requirements of the TCPA, but chose to not comply with those requirements in order to reduce its labor costs and increase its profits.

  42. Plaintiff is entitled to damages of $1,500 per violation pursuant to 47 U.S.C. §227(b)(3) because the violations were willful and knowing violations of the TCPA.

  43. In the alternative Plaintiff is entitled to 500 per violation if the violations were not willful and knowing violations.

**Count 2: Violation of Tex. Bus. & Com. Code, Chapter 305 ("TBCC")**

45. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

46. Plaintiff is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

47. Defendant is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

48. Pursuant to Section 305-053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both an injunction and damages. Defendant violated 47 U.S.C. § 227, or a regulation adopted under that provision. The violation was knowingly or intentional.

49. Plaintiff is entitled to a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305.

50. Pursuant to Section 305-053(b) of the Texas Business & Commerce Code, Plaintiff is entitled to the greater of $500.00 for each violation or Plaintiff's actual damages for each call negligently made by Defendant.

51. Pursuant to Section 305-053(c) of the Texas Business & Commerce Code, Plaintiff is entitled to not more than the greater of $1,500.00 for each violation or three

times Plaintiff's actual damages for each violation by Defendant that the Court finds was made knowingly or intentionally.

## Relief Sought

44. Plaintiff requests the following relief:

    a. That Defendant be found liable under the TCPA and Plaintiff be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each willful/knowing violation of the TCPA with respect to that individual Plaintiff;

    b. That Defendant be found liable under the TBBC and Plaintiff be awarded statutory damages of $500 for each negligent violation of the TBBC, and $1,500 for each willful/knowing violation of the TBBC with respect to that individual Plaintiff;

    c. Plaintiff be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

**Respectfully submitted,**      By:    */s/ Chris R. Miltenberger*
                                                     Chris R. Miltenberger
                                                     Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1340 N. White Chapel, Suite 100
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**